

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-8-2003

# USA v. Ginyard

Precedential or Non-Precedential: Non-Precedential

Docket 02-2259

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"USA v. Ginyard" (2003). *2003 Decisions.* Paper 566.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/566

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No: 02-2259
_____

UNITED STATES OF AMERICA

v.

ISAIAH VIRGIL GINYARD,
Appellant

Appellant

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 00-cr-00207)
District Judge: Honorable Robert F. Kelly

_____

Submitted Under Third Circuit LAR 34.1(a)
on March 7, 2003

Before: ROTH, BARRY
and FUENTES, Circuit Judges

(Opinion filed: May 8, 2003)

OPINION

---

ROTH, Circuit Judge:

Isaiah Ginyard was charged with three counts of bank fraud in violation of 18 U.S.C. § 1344 and nineteen counts of mail fraud in violation of 18 U.S.C. § 1341. The charges arose from Ginyard's participation in three schemes to defraud WYSP Radio in Philadelphia, the Arts and Entertainment (A&E) Network in New York City, the Pennsylvania Department of Labor, and the Philadelphia Housing Authority.

Ginyard had two co-defendants at trial. Terrell Pollard was involved in Ginyard's first scheme to defraud WSYP Radio and the A& E Network. Mark Hammond Davies was involved in Ginyard's second scheme to defraud the Pennsylvania Department of Labor. Ginyard acted alone in his last scheme to defraud the Philadelphia Housing Authority.

At trial, Ginyard moved to sever the counts. The District Court denied the motion. On December 14, 2001, a jury found Ginyard guilty of all nineteen counts. On April 29, 2002, Ginyard was sentenced to 27 months imprisonment. Ginyard appeals the denial of his motion to sever.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We review the motion denial for abuse of discretion. *United States v. Hart*, 273 F. 3d 363, 369 (3d Cir.

2

2001).

The decision to sever a trial is left to the sound discretion of the District Court. *See Zafiro v. United States*, 506 U.S. 534 (1993) and *United States v. Reicherter*, 647 F. 2d 397, 400 (3d Cir. 1999).

Fed. R. Crim. P. 8(a) permits joinder of two or more offenses being charged in the same indictment if the offenses are of the "same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 14 permits the trial court to sever defendants' trials where "it appears that a defendant or the government is prejudiced by a joinder." *Zafiro,* 506 U.S. at 537.

Ginyard argues that the three schemes are distinct and separate acts and therefore do not constitute "transactions connected together or constituting parts of a common scheme or plan" nor are they schemes of the "same or similar character." Ginyard argues that mere similarity of offenses does not meet the requirements of Fed.R.Crim.P. 8(b) in order to warrant joinder of the offenses and the defendants.

However, the District Court clearly pointed out that its decision to deny the severance motion was based on "a sufficient connection and nexus between the various schemes: the common bank account, the name, the company's name and the time period." The record supports such a finding. Most of the charged offenses took place between January 1995 and July 1995, which creates a temporal connection. Ginyard's

3

First Fidelity bank account was the transactional nexus for all the fraud schemes. The account's statements indicate that checks from each of the charged fraud schemes were deposited into this account. Also, Ginyard used his nephew's name when endorsing every check. We find that the District Court did not abuse its discretion when making its decision to deny the motion to sever.

For the foregoing reasons, we will affirm the judgment of the District Court.

4

TO THE CLERK:

Please file the foregoing Opinion.

By the Court,

_____/s/ Jane R. Roth_____
Circuit Judge